IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTEGRANET PHYSICIAN RESOURCE, INC. D/B/A INTEGRANET HEALTH | § § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-cv-01353 |
| TEXAS INDEPENDENT PROVIDERS, LLC, ROBERT VINCENT ROTH, CARLOS J. PALACIOS, M.D., AND WELLCARE OF TEXAS, INC. | § § § § § | |
| Defendants | § | |

## DEFENDANTS ROBERT VINCENT ROTH AND CARLOS J. PALACIOS, M.D.'S ORIGINAL ANSWER

TO:   THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Defendants Robert Vincent Roth (Roth) and Carlos J. Palacios, M.D. (Palacios), and files this their Original Answer and respectfully shows the Court the following:

1.   This paragraph requires no response at this time.

2.   Defendants admit the statement contained in Paragraph 2 of IntegraNet Physician Resource, Inc. d/b/a IntegraNet Health's Original Verified Petition, Application for Temporary Restraining Order, and Application for Injunctive Relief ("Original Verified Petition").

3.   Defendants admit the statement contained in Paragraph 3 of the Original Verified Petition.

4.   Defendants admit the statement contained in Paragraph 4 of the Original Verified Petition.

5. Defendants admit the statement contained in Paragraph 5 of the Original Verified Petition.

6. Defendants have insufficient information to admit or deny the statement contained in Paragraph 6 of the Original Verified Petition.

6. (sic) Defendants have insufficient information to admit or deny the statement contained in Paragraph 6 (sic) of the Original Verified Petition.

7. Defendants deny the statement contained in Paragraph 7 of the Original Verified Petition.

8. Defendants have insufficient information to admit or deny the first sentence of Paragraph 8 of the Original Verified Petition. Defendants admit the second sentence of Paragraph 8 of the Original Verified Petition. Defendants have insufficient information to admit or deny the third sentence of Paragraph 8 of the Original Verified Petition.

9. Defendants deny the allegations contained in Paragraph 9 of the Original Verified Petition.

10. Defendants deny the allegations contained in Paragraph 10 of the Original Verified Petition.

11. Defendants admit the first sentence of Paragraph 11 of the Original Verified Petition. Defendants admit that Roth resigned in 2014 and denies the remainder of the allegations contained in Paragraph 11.

12. Defendants admit the first sentence of Paragraph 12 of the Original Verified Petition to the extent that all financial and quality metrics were designed by Roth as an independent consultant to Plaintiff prior to his employment. Defendants admit the remainder of Paragraph 12 with the exception of (c) which is not a quality measure known to Defendants.

13. Defendants deny the first two sentences of Paragraph 13 of the Original Verified Petition. Many other Independent Physician Associations ("IPA") use the same metrics. The Defendants admit the remainder of Paragraph 13 to the extent that the bonus structure is changed by Centers for Medicare and Medicaid Services ("CMS") on an annual basis.

14. Defendants deny the allegations contained in Paragraph 14 of the Original Verified Petition.

15. Defendants deny the first sentence of Paragraph 15 of the Original Verified Petition. Defendants admit the second sentence of Paragraph 15 of the Original Verified Petition. Defendants admit the remainder of Paragraph 15 of Original Verified Petition except for the phrase "the latter of which bears many of the calculations or formulas used by INET" which they deny. The TIP marketing package has been in circulation among physicians, unchanged, since October 2014.

16. Defendants admit the first sentence of Paragraph 16 of the Original Verified Petition to the extent that at least four other IPAs in the Houston area use the exact same percentage allocations. Defendants deny the remainder of Paragraph 16 of the Original Verified Petition.

17. Defendants deny the allegations contained in Paragraph 17 of the Original Verified Petition. The numbers generated in IPA "A" are based on whole numbers to make them readily available for potential physician members to understand. The IPA "A" illustration is based upon a 1,000 member IPA. When Roth and Palacios left IntegraNet, it had at least 7,000 members. The illustration assumes that IPA "A" distributes bonus money from the gross check received by an insurance company. IntegraNet did not do that during the time of the individual Defendants' involvement with IntegraNet. Instead,

3

IntegraNet took its expenses and reserves from the gross check prior to the distribution to its members.

IPA "A" is used to show the difference between a fifty percent (50%) bonus pool and twenty-five percent (25%) management fee, which is extremely common in the IPA business and TIP's higher bonus pool of sixty-six percent (66%) and lower management fee of seventeen percent (17%).

*The numbers reflected in IPA "A" do not reflect any actual numbers for IntegraNet or any other IPA.* The bonus of $25 per member is merely used to help physicians understand the math. TIP did not base its bonuses on any known IPA, IntegraNet or otherwise. *TIP's spreadsheet numbers for itself are also merely illustrative and do not reflect their actual figures.* They only demonstrate the difference between a fifty percent (50%) member bonus and a sixty-six percent (66%) member bonus. The Plaintiff has tortured the math in the spreadsheets to make it fit its narrative, which is false.

18.   Defendants deny the allegations contained in Paragraph 18 of the Original Verified Petition. The TIP spreadsheet shows a potential bonus to its members of $63.51 compared to a theoretical $25 per member bonus in IPA "A". It is an illustration to demonstrate the financial impact of a higher bonus percentage and a full bonus distribution, based upon a gross amount received as opposed to a net bonus distribution after deduction for expenses.

19.   Defendants deny the allegations contained in Paragraph 19 of the Original Verified Petition. There is no comparison between TIP and IntegraNet contained in TIP's marketing package.

4

20. Defendants admit that Palacios is a medical director with WellCare and denies the remainder of Paragraph 20 of the Original Verified Petition.

21. Defendants deny the allegations contained in the first sentence of Paragraph 21 of the Original Verified Petition. Defendants have insufficient information to admit or deny the remainder of Paragraph 21.

22. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 22 of the Original Verified Petition.

23. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 23 of the Original Verified Petition.

24. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 24 of the Original Verified Petition.

25. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 25 of the Original Verified Petition.

26. Defendants deny the allegations contained in Paragraph 26 of the Original Verified Petition.

27. Defendants deny the allegations contained in Paragraph 27 of the Original Verified Petition.

28. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 28 of the Original Verified Petition.

29. Defendants deny the allegations contained in Paragraph 29 of the Original Verified Petition.

30. Defendants deny the allegations contained in Paragraph 30 of the Original Verified Petition.

31. Defendants deny the allegations contained in Paragraph 31 of the Original Verified Petition.

32. Defendants deny the allegations contained in Paragraph 32 of the Original Verified Petition.

33. Defendants deny the allegations contained in Paragraph 33 of the Original Verified Petition.

34. Defendants deny the allegations contained in Paragraph 34 of the Original Verified Petition.

35. Defendants deny the allegations contained in Paragraph 35 of the Original Verified Petition.

36. Defendants deny the allegations contained in Paragraph 36 of the Original Verified Petition.

37. Defendants deny the allegations contained in Paragraph 37 of the Original Verified Petition.

38. Defendants deny the allegations contained in Paragraph 38 of the Original Verified Petition.

39. Defendants deny the allegations contained in Paragraph 39 of the Original Verified Petition.

40. Defendants deny the allegations contained in Paragraph 40 of the Original Verified Petition.

41. Defendants deny the allegations contained in Paragraph 41 of the Original Verified Petition. Defendants do not have any confidential information belonging to IntegraNet.

42. Defendants deny the allegations contained in Paragraph 42 of the Original Verified Petition.

43. Defendants deny the allegations contained in Paragraph 43 of the Original Verified Petition.

44. Defendants deny the allegations contained in Paragraph 44 of the Original Verified Petition.

45. Defendants deny the allegations contained in Paragraph 45 of the Original Verified Petition.

46. Defendants deny the allegations contained in Paragraph 46 of the Original Verified Petition.

47. Defendants deny the allegations contained in Paragraph 47 of the Original Verified Petition.

48. Defendants deny the allegations contained in Paragraph 48 of the Original Verified Petition.

49. Defendants deny the allegations contained in Paragraph 49 of the Original Verified Petition.

50. Defendants deny the allegations contained in Paragraph 50 of the Original Verified Petition.

51. Defendants deny the allegations contained in Paragraph 51 of the Original Verified Petition.

52. Defendants deny the allegations contained in Paragraph 52 of the Original Verified Petition.

53. Defendants deny the allegations contained in Paragraph 53 of the Original Verified Petition.

54. Defendants deny the allegations contained in Paragraph 54 of the Original Verified Petition.

55. Defendants deny the allegations contained in Paragraph 55 of the Original Verified Petition. There are no facts pled to support a contract giving rise to conditions precedent against Defendant.

56. Defendants deny the allegations contained in Paragraph 56 of the Original Verified Petition.

57. Defendants deny the allegations contained in Paragraph 57 of the Original Verified Petition.

58. Defendants deny the allegations contained in Paragraph 58 of the Original Verified Petition.

59. Defendants deny the allegations contained in Paragraph 59 of the Original Verified Petition.

60. Defendants deny the allegations contained in Paragraph 60 of the Original Verified Petition.

61. Defendants deny the allegations contained in Paragraph 61 of the Original Verified Petition.

62. Defendants deny the allegations contained in Paragraph 62 of the Original Verified Petition.

63. Defendants deny the allegations contained in Paragraph 63 of the Original Verified Petition.

64. Defendants deny the allegations contained in Paragraph 64 of the Original Verified Petition.

65. Defendants deny the allegations contained in Paragraph 65 of the Original Verified Petition.

66. Defendants deny the allegations contained in Paragraph 66 of the Original Verified Petition.

### Plaintiff's Prayer for Relief

Defendants deny that Plaintiff is entitled to any relief requested pursuant to this Paragraph or contained within the Original Verified Petition.

### Affirmative Defenses

1. Plaintiff's claims are barred by the applicable statutes of limitations. The alleged causes of action for tortious interference with contract and unfair competition are beyond the two (2) year statute of limitations for these causes of action.

2. The Plaintiff's claim for alleged theft of trade secrets is barred by the applicable three (3) year statue of limitations.

3. Defendants further assert that Plaintiff's claim for tortious interference with contract is barred by failure of consideration and lack of consideration.

4. Defendants further assert that Plaintiff's claims are barred by estoppel.

5. Defendants further assert that Plaintiff's claims are barred by waiver.

6. Defendants are entitled to recover their attorney's fees pursuant to Section 134A.005(1) of the Texas Civil Practices and Remedies Code because the claim of an alleged violation of theft of trade secrets and misappropriation is made in bad faith and Plaintiff had no evidence to the contrary upon filing this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendants Robert Vincent Roth and Carlos J. Palacios, M.D. request that upon final trial hereof, Plaintiff take nothing and Plaintiff's claims be dismissed and Defendants recover their costs and attorney's fees.

Respectfully submitted,

*/s/ R. Tate Young*
R. Tate Young
State Bar No. 22207100
tyoung@tateyounglawfirm.com
TATE YOUNG LAW FIRM
5005 Woodway Drive, Suite 201
Houston, Texas 77056
Telephone: (713) 626-7112
Facsimile: (713) 626-7113

ATTORNEY IN CHARGE FOR DEFENDANTS,
ROBERT VINCENT ROTH AND CARLOS J.
PALACIOS, M.D.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the ECF system on May 15, 2018, upon all counsel of record.

Greg R. Wehrer
6200 Chase Tower
600 Travis Street
Houston, Texas 77002-3000
713-546-5850
greg.wehrer@squirepb.com

Amanda D. Price
6200 Chase Tower
600 Travis Street
Houston, Texas 77002-3000
713-546-5850
amanda.price@squirepb.com

Logan Johnson
Schiffer Hicks Johnson PLLC
Bank of America Center
700 Louisiana Street, Suite 2650
Houston, Texas 77002
713-357-5150
ljohnson@shjlawfirm.com

Michael S. Burg
State Bar No. 03375500
1842 Snake River Road
Katy, Texas 77449
713-627-8885
michael@burglawfirm.com

Varant Yegpanian
Schiffer Hicks Johnson PLLC
Bank of America Center
700 Louisiana Street, Suite 2650
Houston, Texas 77002
713-357-5150
vyegparian@shjlawfirm.com

/s/ *R. Tate Young*
R. Tate Young