IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTEGRANET PHYSICIAN RESOURCE, INC. D/B/A INTEGRANET HEALTH §§§§ Plaintiffs §§ VS. §§ § TEXAS INDEPENDENT PROVIDERS, §§ LLC, ROBERT VINCENT ROTH, §§ CARLOS J. PALACIOS, M.D., AND §§ WELLCARE OF TEXAS, INC. §§ § Defendants § | CIVIL ACTION NO. 4:18-cv-01353 |

**DEFENDANT TEXAS INDEPENDENT PROVIDERS, LLC'S ORIGINAL ANSWER**

TO:   THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, TEXAS INDEPENDENT PROVIDERS, LLC ("TIP"), and files this Original Answer and respectfully shows the Court the following:

1.   This paragraph requires no response at this time.

2.   Defendant admits the statement contained in Paragraph 2 of IntegraNet Physician Resource, Inc. d/b/a IntegraNet Health's Original Verified Petition, Application for Temporary Restraining Order, and Application for Injunctive Relief ("Original Verified Petition").

3.   Defendant admits the statement contained in Paragraph 3 of the Original Verified Petition.

4.   Defendant admits the statement contained in Paragraph 4 of the Original Verified Petition.

5.   Defendant admits the statement contained in Paragraph 5 of the Original Verified Petition.

6. Defendant has insufficient information to admit or deny the statement contained in Paragraph 6 of the Original Verified Petition.

6. (sic)  Defendant has insufficient information to admit or deny the statement contained in Paragraph 6 (sic) of the Original Verified Petition.

7. Defendant denies the statement contained in Paragraph 7 of the Original Verified Petition.

8. Defendant has insufficient information to admit or deny the first sentence of Paragraph 8 of the Original Verified Petition.  Defendant admits the second sentence of Paragraph 8 of the Original Verified Petition.  Defendant has insufficient information to admit or deny the third sentence of Paragraph 8 of the Original Verified Petition.

9. Defendant denies the allegations contained in Paragraph 9 of the Original Verified Petition.

10. Defendant denies the allegations contained in Paragraph 10 of the Original Verified Petition.

11. Defendant admits the first sentence of Paragraph 11 of the Original Verified Petition.  Defendant admits that Vincent Roth resigned in 2014 and denies the remainder of the allegations contained in Paragraph 11.

12. Defendant admits the first sentence of Paragraph 12 of the Original Verified Petition to the extent that all financial and quality metrics were designed by Vincent Roth as an independent consultant to Plaintiff prior to his employment.  Defendant admits the remainder of Paragraph 12 with the exception of (c) which is not a quality measure known to Defendant.

13.     Defendant denies the first two sentences of Paragraph 13 of the Original Verified Petition.  Many other Independent Physician Associations ("IPA") use the same metrics.  The Defendant admits the remainder of Paragraph 13 to the extent that the bonus structure is changed by Centers for Medicare and Medicaid Services ("CMS") on an annual basis.

14.     Defendant denies the allegations contained in Paragraph 14 of the Original Verified Petition.

15.     Defendant denies the first sentence of Paragraph 15 of the Original Verified Petition.  Defendant admits the second sentence of Paragraph 15 of the Original Verified Petition.  Defendant admits the remainder of Paragraph 15 of Original Verified Petition except for the phrase "the latter of which bears many of the calculations or formulas used by INET" which it denies.  The TIP marketing package has been in circulation among physicians, unchanged, since October 2014.

16.     Defendant admits the first sentence of Paragraph 16 of the Original Verified Petition to the extent that at least four other IPAs in the Houston area use the exact same percentage allocations.  Defendant denies the remainder of Paragraph 16 of the Original Verified Petition.

17.     Defendant denies the allegations contained in Paragraph 17 of the Original Verified Petition.  The numbers generated in IPA "A" are based on whole numbers to make them readily available for potential physician members to understand.  The IPA "A" illustration is based upon a 1,000 member IPA.  When Mr. Roth and Dr. Palacios left IntegraNet, it had at least 7,000 members. The illustration assumes that IPA "A" distributes bonus money from the gross check received by an insurance company.

IntegraNet did not do that during the time of the individual Defendants' involvement with IntegraNet. Instead, IntegraNet took its expenses and reserves from the gross check prior to the distribution to its members.

IPA "A" is used to show the difference between a fifty percent (50%) bonus pool and twenty-five percent (25%) management fee, which is extremely common in the IPA business and TIP's higher bonus pool of sixty-six percent (66%) and lower management fee of seventeen percent (17%).

*The numbers reflected in IPA "A" do not reflect any actual numbers for IntegraNet or any other IPA.* The bonus of $25 per member is merely used to help physicians understand the math. TIP did not base its bonuses on any known IPA, IntegraNet or otherwise. *TIP's spreadsheet numbers for itself are also merely illustrative and do not reflect their actual figures.* They only demonstrate the difference between a fifty percent (50%) member bonus and a sixty-six percent (66%) member bonus. The Plaintiff has tortured the math in the spreadsheets to make it fit its narrative, which is false.

18. Defendant denies the allegations contained in Paragraph 18 of the Original Verified Petition. The TIP spreadsheet shows a potential bonus to its members of $63.51 compared to a theoretical $25 per member bonus in IPA "A". It is an illustration to demonstrate the financial impact of a higher bonus percentage and a full bonus distribution, based upon a gross amount received as opposed to a net bonus distribution after deduction for expenses.

19. Defendant denies the allegations contained in Paragraph 19 of the Original Verified Petition. There is no comparison between TIP and IntegraNet contained in TIP's marketing package.

20. Defendant admits that Dr. Palacios is a medical director with WellCare and denies the remainder of Paragraph 20 of the Original Verified Petition.

21. Defendant denies the allegations contained in the first sentence of Paragraph 21 of the Original Verified Petition. Defendant has insufficient information to admit or deny the remainder of Paragraph 21.

22. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 22 of the Original Verified Petition.

23. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 23 of the Original Verified Petition.

24. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 24 of the Original Verified Petition.

25. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 25 of the Original Verified Petition.

26. Defendant denies the allegations contained in Paragraph 26 of the Original Verified Petition.

27. Defendant denies the allegations contained in Paragraph 27 of the Original Verified Petition.

28. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 28 of the Original Verified Petition.

29. Defendant denies the allegations contained in Paragraph 29 of the Original Verified Petition.

30. Defendant denies the allegations contained in Paragraph 30 of the Original Verified Petition.

31. Defendant denies the allegations contained in Paragraph 31 of the Original Verified Petition.

32. Defendant denies the allegations contained in Paragraph 32 of the Original Verified Petition.

33. Defendant denies the allegations contained in Paragraph 33 of the Original Verified Petition.

34. Defendant denies the allegations contained in Paragraph 34 of the Original Verified Petition.

35. Defendant denies the allegations contained in Paragraph 35 of the Original Verified Petition.

36. Defendant denies the allegations contained in Paragraph 36 of the Original Verified Petition.

37. Defendant denies the allegations contained in Paragraph 37 of the Original Verified Petition.

38. Defendant denies the allegations contained in Paragraph 38 of the Original Verified Petition.

39. Defendant denies the allegations contained in Paragraph 39 of the Original Verified Petition.

40. Defendant denies the allegations contained in Paragraph 40 of the Original Verified Petition.

41. Defendant denies the allegations contained in Paragraph 41 of the Original Verified Petition. Defendant does not have any confidential information belonging to IntegraNet.

42. Defendant denies the allegations contained in Paragraph 42 of the Original Verified Petition.

43. Defendant denies the allegations contained in Paragraph 43 of the Original Verified Petition.

44. Defendant denies the allegations contained in Paragraph 44 of the Original Verified Petition.

45. Defendant denies the allegations contained in Paragraph 45 of the Original Verified Petition.

46. Defendant denies the allegations contained in Paragraph 46 of the Original Verified Petition.

47. Defendant denies the allegations contained in Paragraph 47 of the Original Verified Petition.

48. Defendant denies the allegations contained in Paragraph 48 of the Original Verified Petition.

49. Defendant denies the allegations contained in Paragraph 49 of the Original Verified Petition.

50. Defendant denies the allegations contained in Paragraph 50 of the Original Verified Petition.

51. Defendant denies the allegations contained in Paragraph 51 of the Original Verified Petition.

52. Defendant denies the allegations contained in Paragraph 52 of the Original Verified Petition.

53. Defendant denies the allegations contained in Paragraph 53 of the Original Verified Petition.

54. Defendant denies the allegations contained in Paragraph 54 of the Original Verified Petition.

55. Defendant denies the allegations contained in Paragraph 55 of the Original Verified Petition.  There are no facts pled to support a contract giving rise to conditions precedent against Defendant.

56. Defendant denies the allegations contained in Paragraph 56 of the Original Verified Petition.

57. Defendant denies the allegations contained in Paragraph 57 of the Original Verified Petition.

58. Defendant denies the allegations contained in Paragraph 58 of the Original Verified Petition.

59. Defendant denies the allegations contained in Paragraph 59 of the Original Verified Petition.

60. Defendant denies the allegations contained in Paragraph 60 of the Original Verified Petition.

61. Defendant denies the allegations contained in Paragraph 61 of the Original Verified Petition.

62. Defendant denies the allegations contained in Paragraph 62 of the Original Verified Petition.

63. Defendant denies the allegations contained in Paragraph 63 of the Original Verified Petition.

64. Defendant denies the allegations contained in Paragraph 64 of the Original Verified Petition.

65. Defendant denies the allegations contained in Paragraph 65 of the Original Verified Petition.

66. Defendant denies the allegations contained in Paragraph 66 of the Original Verified Petition.

**Plaintiff's Prayer for Relief**

Defendant denies that Plaintiff is entitled to any relief requested pursuant to this Paragraph or contained within the Original Verified Petition.

**Affirmative Defenses**

1. Plaintiff's claims are barred by the applicable statutes of limitations. The alleged causes of action for tortious interference with contract and unfair competition are beyond the two (2) year statute of limitations for these causes of action.

2. The Plaintiff's claim for alleged theft of trade secrets is barred by the applicable three (3) year statue of limitations.

3. Defendant further asserts that Plaintiff's claim for tortious interference with contract is barred by failure of consideration and lack of consideration.

4. Defendant further asserts that Plaintiff's claims are barred by estoppel.

5. Defendant further asserts that Plaintiff's claims are barred by waiver.

6. Defendant is entitled to recover its attorney's fees pursuant to Section 134A.005(1) of the Texas Civil Practices and Remedies Code because the claim of an alleged violation of theft of trade secrets and misappropriation is made in bad faith and Plaintiff had no evidence to the contrary upon filing this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant Texas Independent Providers, LLC requests that upon final trial hereof, Plaintiff take nothing and Plaintiff's claims be dismissed and Defendant recover its costs and attorney's fees.

Respectfully submitted,

By: /s/ Michael S. Burg
Michael S. Burg
State Bar No. 03375500
1842 Snake River Road
Katy, Texas 77449
713-627-8885 (Phone)
281-717-4395 (Fax)

ATTORNEY IN CHARGE FOR DEFENDANT,
TEXAS INDEPENDENT PROVIDERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the ECF system on May 15, 2018, upon all counsel of record.

/s/ Michael S. Burg
Michael S. Burg